19-387-cv
*Curley v. Commissioner of Social Security Administration*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of April, two thousand twenty.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
            WILLIAM J. NARDINI,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARC RICHARD CURLEY,

        *Plaintiff-Appellant,*

        -v-                                    19-387-cv

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

        *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:              Marc Richard Curley, *pro se*, Highland, New York.

FOR DEFENDANT-APPELLEE:
Lauren E. Myers, Special Assistant United States Attorney (Ellen E. Sovern, Regional Chief Counsel, Office of General Counsel, Social Security Administration, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

*Pro se* plaintiff-appellant Marc Richard Curley appeals from a judgment of the district court entered December 28, 2018, granting the motion for judgment on the pleadings of defendant-appellee Commissioner of the Social Security Administration (the "Commissioner") and upholding a decision of the Commissioner denying Curley's claim for disability insurance benefits.[1]   On appeal, Curley argues that the Administrative Law Judge (the "ALJ") erred in finding that substantial evidence supported (1) the determination that Curley's degenerative disc disease did not meet Listing 1.04A, which covers impairments of the spine, and (2) the determination that Curley had the residual functional capacity ("RFC") to perform sedentary work and that

---

[1]   The parties consented to the exercise of jurisdiction by a magistrate judge.   *See* Dist. Ct. Dkt. No. 4.   28 U.S.C. § 636(c)(1).

Curley's testimony regarding the severity of his symptoms (primarily tremors, pain, and drowsiness) and functional limitations was inconsistent with his medical records. Curley also argues that the ALJ failed to develop the record because he did not request physical therapy records or an opinion from Curley's treating provider or physical therapy records. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). In reviewing the administrative record, we determine whether there is "substantial evidence . . . to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Indeed, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and emphasis omitted).

We affirm the judgment below because we agree with the district court that the Commissioner's ruling is supported by substantial evidence.

Curley argues that 2014 and 2017 magnetic resonance imaging ("MRI") reports and treatment notes from 2014 through 2017 established that his medical condition met the criteria for Listing 1.04A.   Listing 1.04A covers disorders of the spine, including degenerative disc disease, with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."   20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.04A. Curley was required to show that his impairment satisfied "all of the criteria in the listing," 20 C.F.R. § 404.1525(d), or that it was medically equivalent to the listing because it was "at least equal in severity and duration to the criteria" in the listing, *id.* § 404.1526(a).   He did not do so.   Although his 2017 MRI report showed some impingement of the left nerve root sleeve, Curley's medical records do not show limited motion of the spine, muscle atrophy, or motor loss accompanied by sensory and reflex loss.   The treatment notes state that, while Curley had mild limitations to the range of movement in his neck, diminished vibratory sense in one vertebra, and tightness and tenderness of the paraspinal muscles, he also had full strength, and none of the records indicate muscle atrophy or reflex loss.   Accordingly, we hold that the ALJ's conclusions

4

were supported by substantial evidence.[2]  *See Arnone v. Bowen*, 882 F.2d 34, 41 (2d Cir. 1989) (reiterating the use of the substantial evidence standard when reviewing the Commissioner's denial of benefits).

Curley's argument that the ALJ failed to develop the record because he did not seek records from Curley's physical therapist also fails.   When the ALJ discussed the medical records with Curley and his attorney at the beginning of the hearing and asked whether anything was missing, Curley did not state that he had any physical therapy records that needed to be obtained.   Moreover, although he asserts that these records are critical, Curley did not provide them to the district court and does not describe their contents.

Curley next argues that the ALJ improperly found that he had the residual functional capacity to perform sedentary work.   This decision, however, was supported by medical evidence, including evidence that his symptoms were responsive to

---

[2]      We decline to consider Curley's challenge to the ALJ's determination that he did not meet the criteria for Listing 1.02, which covers major dysfunction of a joint, because he did not raise this argument in the district court.   *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (quoting *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006)).   We also decline to consider Curley's argument that the ALJ considered records from his prior disability claim because it is raised for the first time on appeal.   *See id.*   We note, however, that the ALJ did not reference any records from the prior claim in his decision, and these records are not included in the administrative record.

medication and that he had received only conservative treatment for his degenerative disc disease, carpal tunnel syndrome and sleep apnea. Nor did he have any significant side effects from his medication.

Curley also argues that the ALJ improperly substituted his opinion for that of a medical professional. To the contrary, the ALJ reviewed Curley's medical records, including Nurse Practitioner Kathryn McDonnell's treatment notes, and noted that neither McDonnell nor the doctors who performed Curley's MRIs and other diagnostic tests had stated that Curley could not work or observed any functional limitations. There is no indication that the ALJ rejected any of the findings in McDonnell's notes or the MRI reports or otherwise "arbitrarily substitute[d] his own judgment for competent medical opinion." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal quotation marks omitted). Although Curley argues that the ALJ should have obtained a medical opinion (in addition to the MRI reports and treatment notes) from one of Curley's providers, Curley does not explain why neither he nor his counsel requested such an opinion. In any event, McDonnell, who was Curley's only treating provider during the relevant time period, was a nurse practitioner and thus was not an acceptable medical source for such an opinion when Curley filed his claim in 2015. *See* 20 C.F.R. § 404.1502(a)(7) (amending the list of acceptable medical sources to include licensed advanced practice registered nurses for claims filed on or after March 27, 2017).

6

We have considered the remainder of Curley's arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court